UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

S. BRAVO SYSTEMS, INC. a California corporation,

vs.                                                    Civil Action No.

PETROLEUM CONTAINMENT, INC., a Florida corporation,    **JURY TRIAL DEMANDED**

       Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff S. Bravo Systems, Inc. ("Bravo" or "Plaintiff"), by and through its undersigned attorneys, brings this action for patent infringement against Petroleum Containment, Inc. ("PCI" or "Defendant") and alleges as follows:

**I.**

## NATURE OF THIS ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271 arising out of Defendant's sale of penetration fittings for sumps.

**II.**

## THE PARTIES

2. Plaintiff Bravo is a corporation organized and existing under the laws of the State of California, having its principal place of business at 2929 Vail Ave., Commerce, California 90040. Bravo is engaged in the business of, among other things, designing and manufacturing secondary containment systems for the petroleum industry, including pipe fittings for sumps.

3.  Upon information and belief, Defendant PCI is a corporation organized and existing under the laws of the State of Florida, having its principal place of business in this Judicial District at 8873 Western Way, Jacksonville, Florida 32256.

## III.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a), because Bravo's claim of patent infringement against Defendant arises under 35 U.S.C. § 271.

5.  PCI is subject to personal jurisdiction in this Judicial District because PCI has purposefully availed itself of the privilege of doing business in this Judicial District, transacts business in this District, and has sufficient minimum contacts with Florida to render the exercise of jurisdiction over PCI compatible with due process.

6.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c), as well as 28 U.S.C. § 1400(b), as PCI is incorporated in Florida. Additionally, PCI has a regular and established place of business in this District and wrongful acts as alleged herein have occurred in this District.

## IV.

## GENERAL ALLEGATIONS

7.  Plaintiff has been engaged and is presently engaged in the design, manufacture, distribution, and sale of secondary containment systems for the petroleum industry, including penetration fittings for sumps. Plaintiff's products are sold throughout the United States.

8. On February 21, 2013, Plaintiff filed U.S. patent application no. 13/773,163 ("the '163 application") directed to its penetration fittings. The '163 application issued as U.S. Patent 9,068,673 B2 ("the '673 Patent") on June 30, 2015 and is titled "Sump Wall Penetration Fitting." A true and correct copy of the '673 Patent is attached as Exhibit A.

9. The '673 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10. The '673 Patent is legally presumed to be valid under 35 U.S.C. § 282.

11. Bravo is the assignee and owner of all rights, title, and interests in the '673 Patent, including all rights to pursue and collect past and future royalties and damages for infringement of the patented claims. Bravo retains the exclusive right to enforce the '673 Patent.

12. Defendant PCI has sold and offered for sale in this District and elsewhere, and continues to sell and offer for sale in this District and elsewhere, without the consent or authorization of Plaintiff, a PF-SRF series of "Cam-Lock Split Repair Fitting" products, including product numbers PF-SRF-2F-C1, PF-SRF-3F-L2, PF-SRF-2F-L3, PF-SRF-2F-R2, PF-SRF-1F-C8, PF-SRF-1F-C1, and PF-SRF-1F-L2, each of which are covered by at least claims 1, 21, and 24 of the '673 Patent (the "Infringing Products"). Claim charts showing correspondence between the features of the Infringing Products and the limitations of claims 1, 21, and 24 of the '673 Patent are attached as Exhibit B.

13. On November 21, 2017, Plaintiff notified PCI by means of a letter to Robert W. Arn that Defendant's Infringing Products sold or intended to be sold by PCI infringed at

least claim 1 of the '673 Patent. A copy of the Plaintiff's letter to PCI is attached as Exhibit C.

14. On April 5, 2018, Plaintiff sent Joey Arn, President of PCI, a letter again indicating that that Defendant's Infringing Products sold or intended to be sold by PCI infringed at least claim 1 of the '673 Patent. In the April 5, 2018 letter, Bravo requested a response within seven days (i.e., by April 12, 2018). A copy of the Plaintiff's letter to PCI is attached as Exhibit D.

15. On April 13, 2018, counsel for Bravo received an email from Kimberly "Kim" Held Israel of McGlinchey Stafford indicating that Ms. Israel had been made aware of Bravo's letter dated April 5, 2018 and requesting consent for additional time to respond to the April 5, 2018 letter. A copy of Ms. Israel's email to Bravo's counsel is attached as Exhibit E.

16. On April 23, 2018, counsel for Bravo received a letter from Ms. Israel stating, "PCI has suspended all such activities with respect to that series of product [the PF-SRF series of cam-lock split repair fittings], effective immediately, pending completion of its investigation of this matter and exploration of whether the matter can be amicably resolved." Ms. Israel's letter further requested that "Bravo and PCI, through their respective counsel, execute a Rule 408 settlement discussion agreement, so that the parties can engage in a meaningful dialogue after acknowledging that their settlement discussions will be treated as such under Federal Rule of Evidence 408 for all purposes." A copy of Ms. Israel's April 23, 2018 letter to Bravo's counsel is attached as Exhibit F.

17. On June 7, 2018, Bravo's counsel sent PCI's counsel a letter again asserting infringement of the '673 Patent and enclosing annotated pictures showing the correspondence between the features of the PF-SRF cam-lock spilt repair fitting offered for sale by PCI and the limitations of claim 1 of the '673 Patent. A copy of Plaintiff's June 7, 2018 letter to PCI is attached as Exhibit G.

18. On October 9, 2018, Bravo became aware that PCI was continuing to market its PF-SRF line of split repair fittings. Attached as Exhibit H is a true and correct copy of advertising distributed by PCI at a trade show in Las Vegas, Nevada.

19. On October 12, 2018, Bravo's counsel sent a letter informing PCI's counsel that Bravo was aware that PCI was advertising, at a recent trade show in Las Vegas, its PF-SRF-2F line of split repair fittings that work "with angled pipe entries up to 20 degrees." The October 12, 2018 letter further asserted that "PCI's continued marketing of a split repair fitting with a tapered opening constitutes bad faith in our negotiations and signifies a willful disregard of the patent rights owned by Bravo." Based on this, the October 12, 2018 letter withdrew Bravo's settlement proposal sent to PCI's counsel on September 12, 2018. A copy of Plaintiff's October 12, 2018 letter is attached as Exhibit I.

20. On November 30, 2018, Bravo's counsel sent PCI's counsel a letter requesting "1. The part numbers of all fittings sold or offered for sale by PCI, now or at any time during the life of the '673 Patent, that include a tapered opening, for example, the PF-SRF-1F fittings, the PF-SRF-2F fittings, and any similar designs; 2. The number of units sold of each part number; and 3. An accounting of the revenue generated from those sales." The November 30, 2018 letter enclosed annotated figures showing the correspondence between

5

the features of the PF-SRF-2F-R2 fitting, which was advertised by PCI at the Las Vegas trade show, and the limitations of claim 1 of the '673 Patent. The November 30, 2018 letter further asserted that, based on PCI's installation instructions for the PF-SRF-2F-R2 fitting, PCI induces infringement of at least independent claims 21 and 24 of the '673 Patent. A copy of Plaintiff's November 30, 2018 letter is attached as Exhibit J.

21. On information and belief, Defendant PCI has continued to sell and offer for sale in this District and elsewhere, without the consent or authorization of Plaintiff, the Infringing Products, despite Plaintiff's express notice of the '673 Patent and the relationship to the Infringing Products.

## V.

## FIRST CLAIM FOR RELIEF

### (Direct Patent Infringement)

22. Plaintiff hereby repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant, by itself or in concert with others, has made, used, sold or offered to sell, and continues to make, use, sell or offer to sell, in this District and elsewhere in the United States, the Infringing Products which infringe at least claim 1 of the '673 Patent.

24. The alleged infringing acts of Defendant are performed without right, license, or authorization from Plaintiff.

25. By its aforesaid acts, Defendant has directly infringed, literally or in the alternative under the Doctrine of Equivalents, the '673 Patent, entitling Plaintiff to relief pursuant to 35 U.S.C. § 271(a).

26. Defendant has had actual or constructive notice of the existence of the '673 Patent and despite such notice has continued to engage in acts of infringement.

27. As a direct result of Defendant's acts complained of herein, Plaintiff has been actually damaged and irreparably harmed and Defendant has been unjustly enriched, to an extent not presently ascertained, which damage, harm and enrichment will continue until enjoined by order of this Court.

28. On information and belief, Defendant's infringement is and has been willful and Plaintiff is entitled to enhanced damages against Defendant.

29. This is an exceptional case and Plaintiff is entitled to an award of its attorneys' fees.

## VI.

## SECOND CLAIM FOR RELIEF

### (Indirect Patent Infringement)

30. Plaintiff hereby repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant has actively induced, and continues to actively induce, its customers to engage in acts that Defendant knows or should know induce infringement of at least claims 21 and 24 of the '673 Patent. Defendant intended to induce patent infringement by its customers and had knowledge that its inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. Defendant provided installation instructions for the Infringing Products urging its customers to install

the Infringing Products in an infringing manner, and in doing so, actually induced such customers to infringe at least claims 21 and 24 of the '673 Patent.

32. By its aforesaid acts, Defendant has induced infringement of the '673 Patent, entitling Plaintiff to relief pursuant to 35 U.S.C. § 271(b).

33. Defendant, by itself or in concert with others, has also sold and continues to sell, in this District and elsewhere in the United States, the Infringing Products, knowing the Infringing Products to be especially made or especially adapted for use in an infringement of at least claims 1, 21, and 24 of the '673 Patent. The Infringing Products are not a staple article of commerce. The Infringing Products have no substantial, non-infringing use.

34. By its aforesaid acts, Defendant is a contributory infringer of at least claims 1, 21, and 24 of the '673 Patent, entitling Plaintiff to relief pursuant to 35 U.S.C. § 271(c).

35. Defendant has had actual or constructive notice of the existence of the '673 Patent and despite such notice has continued to engage in acts of infringement.

36. As a direct result of Defendant's acts complained of herein, Plaintiff has been actually damaged and irreparably harmed and Defendant has been unjustly enriched, to an extent not presently ascertained, which damage, harm and enrichment will continue until enjoined by order of this Court.

37. On information and belief, Defendant's infringement is and has been willful and Plaintiff is entitled to enhanced damages against Defendant.

38. This is an exceptional case and Plaintiff is entitled to an award of its attorneys' fees.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court finds in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a) Adjudging and decreeing that Defendant has infringed and is infringing the '673 Patent by its manufacture, use, sale, and offer for sale of the Infringing Products; Defendant has induced and is inducing infringement of the '673 Patent; and Defendant has contributorily infringed and is contributorily infringing the '673 Patent;

b) A temporary and permanent injunction prohibiting Defendant and its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with them, from further infringing the '673 Patent, inducing infringement of the '673 Patent, or contributorily infringing the '673 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

c) An order requiring Defendant to deliver up to Plaintiff for destruction any and all Infringing Products in Defendant's possession, custody or control, along with any items of manufacture, the sole purpose of which is to manufacture such Infringing Products, as well as any promotional literature and packaging which displays or promotes such Infringing Products;

d) An accounting of all of Defendant's infringing sales of the Infringing Products and all of Defendant's revenue generated from the sales of the Infringing Products;

e) An award to Plaintiff of its lost profits or such past damages, not less than a reasonable royalty, as it shall prove at trial against Defendant that is adequate to fully

compensate Plaintiff for Defendant's infringement of the '673 Patent, together with post-judgment and pre-judgment interest thereon, pursuant to 35 U.S.C. § 284;

f) A determination that Defendant's infringement has been willful, wanton, and deliberate and that the damages against Defendant be trebled, pursuant to 35 U.S.C. § 284 or for any other basis in accordance with the law;

g) A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

h) For such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Bravo, pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of all issues so triable.

Dated this 29th day of March, 2019.

GRAYROBINSON, P.A.

By: /s/     *R. Troy Smith*
R. Troy Smith
Florida Bar No. 485519
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
Phone: (904) 598-9929
Facsimile: (904) 598-9109
*troy.smith@gray-robinson.com*
*maria.daniels@gray-robinson.com*

-and-

LEWIS ROCA ROTHGERGER CHRISTIE, LLP
David A. Dillard (*pro hac pending*)
California Bar No. 97515
Dustin R. Szakalski (*pro hac pending*)
California Bar No. 280726
Kyle W. Keller (*pro hac pending*)
California Bar No. 294253
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445

                              Phone:    (626) 795-9900
                              Facsimile: (626) 577-8800
                              *ddillard@lrrc.com*
                              *dszakalski@lrrc.com*
                              *kkeller@lrrc.com*

                              Attorneys for S. Bravo, Inc.

\# 1787304 v1